IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONESTA RL HOTELS FRANCHISING INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO: 1:24-cv-11534 |
| SAI GANESH LLC, KUNAL PATEL, and PARTH PATEL, | : |
| Defendants. | : |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Sonesta RL Hotels Franchising Inc. ("Sonesta" or "Plaintiff") files this Complaint against Defendants SAI Ganesh LLC ("SAI Ganesh"), Kunal Patel ("Kunal Patel"), and Parth Patel ("Parth Patel" and together with Sai Ganesh and Kunal Patel, the "Defendants") to recover damages Sonesta has incurred due to Defendants' breach of written agreements between the parties relating to SAI Ganesh's operation of a hotel under one of Sonesta's hotel brands, Knights Inn.

### THE PARTIES

2. Plaintiff Sonesta, a corporation existing under the laws of the State of Washington, is a hotel brand franchisor with hotel franchisees across the United States and internationally. Sonesta's principal place of business is in Newton, Massachusetts.

3. Sonesta was formerly known as Red Lion Hotels Franchising, Inc. All references in this Complaint to Sonesta and/or Plaintiff include Red Lion Hotels Franchising, Inc.

4. Defendant SAI Ganesh is a Florida limited liability company with its principal place of business in Kissimmee, Florida.

5. Upon information and belief, Defendant and Guarantor Kunal Patel is a manager and 75% owner of SAI Ganesh and has the authority to execute contracts on behalf of SAI Ganish. Upon further information and belief, Kunal Patel is a citizen of the State of Florida and currently resides at 8527 Pippen Drive, Orlando, Florida 32836.

6. Upon information and belief, Defendant and Guarantor Parth Patel owns 25% of SAI Ganesh. Upon further information and belief, Parth Patel is a citizen of the State of Florida and currently resides at 8527 Pippen Drive, Orlando, Florida 32836.

## JURISDICTION AND VENUE

7. Complete diversity of citizenship exists between Plaintiff and all Defendants in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, the Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

8. Venue in this District is proper because the contractual agreements at issue, including the Franchise Agreement and Guaranty, specify that any disputes between the parties arising from such agreements must be brought in the federal court nearest to Sonesta's principal place of business in Newton, Massachusetts. The closest federal court to Sonesta is this District.

**FACTUAL BACKGROUND**

9. Sonesta is one of the country's leading hospitality and leisure companies and is primarily engaged in the franchising of hotels operated under Sonesta's proprietary brands, including the Knights Inn brand at issue in this dispute.

10. SAI Ganesh was the tenant of a hotel property located at 7475 W. Irlo Bronson Memorial Highway, Kissimmee, Florida 34747.

11. After negotiations, Sonesta and SAI Ganesh entered into a Knights Inn Franchise Agreement (the "Franchise Agreement") on May 18, 2021 (the "Agreement Date"). A true and correct copy of the Franchise Agreement is attached hereto as **Exhibit 1**. Pursuant to the Franchise Agreement, Plaintiff granted SAI Ganesh a franchise license (the "Franchise License") to operate its hotel under the Knights Inn brand (the "Franchise Hotel").

12. The Franchise Agreement includes, among other things: (a) the Franchise Agreement; and (b) an Amendment to the Franchise Agreement (the "Franchise Agreement Amendment"). A true and correct copy of the Franchise Agreement Amendment is attached hereto as **Exhibit 2**.

13. Pursuant to Section 3 of the Franchise Agreement Amendment, the Franchise Agreement was for an initial Term of five years.

14. As consideration for the Franchise License, SAI Ganesh agreed to pay, among other fees, a monthly brand fee to Plaintiff for the operation of the Franchise Hotel in accordance with Section 4(d) of the Franchise Agreement (the "Monthly Fees").

15. The Franchise Agreement also provides that in the event of an early termination of the Franchise Agreement under Section 11 of the Franchise Agreement, SAI Ganesh must pay

3

liquidated damages ("Termination Fee") to Sonesta in accordance with the formula specified in Section 12(b) of the Franchise Agreement.  Further, upon early termination of the Franchise Agreement, Section 13.D of the Franchise Agreement Amendment provides that Sonesta is entitled to recoup certain fees that it forewent in connection with said amendment (the "Recoupable Fees").

16. On May 13, 2021, Kunal Patel and Parth Partel (together, the "Guarantors") executed a Guaranty and Assumption of Obligations (the "Guaranty") whereby each of the Guarantors: (i) personally and unconditionally guaranteed to Sonesta that SAI Ganesh would pay and perform each and every undertaking, agreement and covenant set forth in the Franchise Agreement, and (ii) agreed to be "bound by, and personally liable for the breach of, each and every provision in the [Franchise Agreement]."  A true and correct copy of the Guaranty is attached hereto as **Exhibit 3**.

17. Pursuant to an email from Kunal Patel dated January 14, 2023, SAI Ganesh requested an early termination of the Franchise Agreement ("Early Termination Request").

18. By letter dated January 18, 2023, Sonesta acknowledged SAI Ganesh's email requesting termination of the Franchise Agreement.

19. By letter dated February 15, 2023 ("First Demand Letter"), Sonesta confirmed that the Franchise Agreement would terminate effective February 15, 2023 and made demand for the payment of outstanding fees.  A true and correct copy of the First Demand Letter is attached hereto as **Exhibit 4**.

20. As set forth in the First Demand Letter, the amount of Monthly Fees owed by SAI Ganesh to Sonesta as of February 15, 2023 totaled $44,969.04.

21. As set forth in the First Demand Letter, the Termination Fee arising from SAI Ganesh's early termination of the Franchise Agreement is $176,971.00.

22. As further set forth in the First Demand Letter, Sonesta is entitled to recover Recoupable Fees of $47,715.00. Hereafter, references to the "Agreement" include the Franchise Agreement and the Franchise Agreement Amendment.

23. Despite the First Demand Letter, Defendants failed to pay all amounts due and owing to Sonesta under the Agreement.

24. On December 18, 2023, Sonesta sent a second demand letter to SAI Ganesh ("Second Demand Letter"). As set forth in the Second Demand Letter, amounts owed by SAI Ganesh to Sonesta totaled $224,686.00, consisting of the Termination Fee of $176,971.00 and Recoupable Fees of $47,715.00. A true and correct copy of the Second Demand Letter is attached hereto as **Exhibit 5**.[1]

25. Despite the Second Demand Letter, Defendants failed to pay all amounts due and owing to Sonesta under the Agreement.

26. On May 21, 2024, Sonesta sent a third demand letter to Defendants ("Third Demand Letter") for all amounts due and owing to Sonesta under the Agreement and the Guaranty. A true and correct copy of the Third Demand Letter is attached hereto as **Exhibit 6.**

27. Despite the Third Demand Letter, Defendants failed to pay all amounts due and owing to Sonesta under the Agreement and the Guaranty.

---

[1] The past due Monthly Fees identified in the First Demand Letter have been paid by Defendants.

28. Additionally, Section 14(h) of the Franchise Agreement provides that the prevailing party in any legal action or other proceeding will recover from the non-prevailing party all fees, costs and expenses, including reasonable attorney fees.

29. As of the date of the Complaint, Defendants are liable to Sonesta for unpaid obligations owed under the Agreement totaling $224,686.00, which amount is comprised of the unpaid Recoupable Fees of $47,715.00, the Termination Fee of $176,971.00, and legal fees and costs incurred by Sonesta to collect amounts owed under the Agreement and Guaranty.

## COUNT I:
### (Breach of Contract: The Franchise Agreement) (SAI Ganesh)

30. Sonesta restates and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

31. At all times relevant hereto, the Agreement was a valid and enforceable contract.

32. Pursuant to the Agreement, SAI Ganesh was compelled to pay Sonesta the Recoupable Fees relating to SAI Ganesh's operation of the Franchise Hotel.

33. SAI Ganesh materially breached the Agreement by not paying Sonesta all Recoupable Fees due and owing to Sonesta under the Agreement, which amounts total $47,715.00.

34. SAI Ganesh also materially breached the Agreement by not paying Sonesta the Termination Fee resulting from its early termination of the Agreement, which amount totals $176,971.00.

35. Despite demand for payment made pursuant to the First, Second, and Third Demand Letters, SAI Ganesh failed to pay the outstanding fees of $224,686.00 owed to Sonesta under the Agreement.

36. Sonesta has incurred, and continues to incur, costs and expenses, including attorneys' fees and expenses as a direct and proximate result of SAI Ganesh's material breach of the Agreement.

37. To the extent Sonesta is the prevailing party in this action, it is entitled to recover its reasonable attorneys' fees, costs, and expenses arising from its enforcement of the Agreement.

## COUNT II
### (Breach of Contract: The Kunal Patel Guaranty)

38. Sonesta restates and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

39. At all times relevant hereto, the Kunal Patel Guaranty was a valid and enforceable contract.

40. Under the terms of the Kunal Patel Guaranty, Kunal Patel unconditionally and personally guaranteed the performance of all of SAI Ganesh's obligations under the Agreement.

41. Despite Sonesta's demands, Kunal Patel has not satisfied his obligation to pay all amounts due to Sonesta by SAI Ganesh under the Agreement.

42. As a direct and proximate result of Kunal Patel's material breach of the Kunal Patel Guaranty, Sonesta has and will continue to suffer damages.

43. Sonesta has incurred, and continues to incur, costs and expenses, including attorneys' fees and expenses as a direct and proximate result of Kunal Patel's breach of the Kunal Patel Guaranty.

44. To the extent Sonesta is the prevailing party in this action, it is entitled to recover its reasonable attorneys' fees, costs, and expenses arising from its enforcement of the Kunal Patel Guaranty from Kunal Patel.

## COUNT III
### (Breach of Contract: The Parth Patel Guaranty)

45. Sonesta restates and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

46. At all times relevant hereto, the Parth Patel Guaranty was a valid and enforceable contract.

47. Under the terms of the Parth Patel Guaranty, Parth Patel unconditionally and personally guaranteed the performance of all of SAI Ganesh's obligations under the Agreement.

48. Despite Sonesta's demands, Parth Patel has not satisfied his obligation to pay all amounts due to Sonesta by SAI Ganesh under the Agreement.

49. As a direct and proximate result of Parth Patel's material breach of the Parth Patel Guaranty, Sonesta has and will continue to suffer damages.

50. Sonesta has incurred, and continues to incur, costs and expenses, including attorneys' fees and expenses as a direct and proximate result of Parth Patel's breach of the Parth Patel Guaranty.

51. To the extent Sonesta is the prevailing party in this action, it is entitled to recover its reasonable attorneys' fees, costs, and expenses arising from its enforcement of the Parth Patel Guaranty from Parth Patel.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Sonesta RL Hotels Franchising Inc. respectfully requests this Court to:

    A. enter judgment against Defendants SAI Ganesh, LLC, Kunal Patel, and Parth Patel, jointly and severally, for the amount of the outstanding fees of

    $224,686.00 that are due and owing to Sonesta under the Agreement and the Guaranty (the "Judgment");

B. award Sonesta pre- and post-judgment interest at the federal rate until the Judgment is paid and satisfied in full;

C. award Sonesta its reasonable attorneys' fees, costs, and expenses pursuant to Section 14(h) of the Franchise Agreement; and

D. grant Sonesta such other relief as this Court deems just and proper.

Dated: June 11, 2024      Respectfully submitted,

           LATHROP GPM LLP

           s/ Eric L. Yaffe
           Eric L. Yaffe (MBN: 548185)
           600 New Hampshire Ave. NW
           The Watergate, Suite 700
           Washington, D.C. 20037
           Telephone:  202.295.2222
           Email:  eric.yaffe@lathropgpm.com