**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SONESTA RL HOTELS FRANCHISING INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO: 1:24-cv-11534 |
| SAI GANESH LLC, KUNAL PATEL, and PARTH PATEL, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SAI GANESH LLC**

Plaintiff Sonesta RL Hotels Franchising Inc. ("Sonesta" or "Plaintiff") commenced this action against Defendants SAI Ganesh LLC ("SAI Ganesh"), Kunal Patel ("Kunal Patel"), and Parth Patel ("Parth Patel" and together with SAI Ganesh and Kunal Patel, the "Defendants") seeking to recover damages sustained as a result of Defendants' breach of written agreements relating to SAI Ganesh's operation of a hotel under one of Plaintiff's hotel brands, Knights Inn. Concurrent herewith, and pursuant to Fed. R. Civ. P. 55(b)(1), Plaintiff has filed a Motion for Entry of Default Judgment Against SAI Ganesh ("Motion") [ECF No. 21] who, despite being properly served, has failed to appear or otherwise defend this action. Accordingly, Plaintiff seeks entry of default judgment against SAI Ganesh awarding the relief requested in the Complaint and submits this Memorandum in support of the Motion.

## PROCEDURAL BACKGROUND

The Complaint was filed on June 11, 2024. *See* Complaint, ECF No. 1. Pursuant to Fed. R. Civ. P. 4, Plaintiff successfully served SAI Ganesh on September 13, 2024. *See* Declaration of Eric Yaffe Regarding Service on Defendant SAI Ganesh LLC, ECF No. 16. SAI Ganesh's deadline to answer or otherwise respond to the Complaint was October 4, 2024, but SAI Ganesh has failed to appear in this action. Plaintiff filed a motion for clerk's entry of default against SAI Ganesh on October 11, 2024 [ECF No. 23] and the Court issued a Notice of Clerk's Entry of Default against SAI Ganesh on October 15, 2024 [ECF No. 25]. Plaintiff now seeks entry of default judgment against SAI Ganesh, awarding Plaintiff the relief requested in the Complaint.

## FACTUAL BACKGROUND

Plaintiff is one of the country's leading hospitality and leisure companies and is engaged in the franchising of hotels operating under Sonesta's proprietary brands, including Knights Inn. Compl., ECF No. 1, ¶ 9.

SAI Ganesh was the tenant of a hotel property located at 7475 W. Irlo Bronson Memorial Highway, Kissimmee, Florida 34747 (the "Hotel"). *Id.* ¶ 10. On May 18, 2021, Sonesta and SAI Ganesh entered into a Knights Inn Franchise Agreement (the "Franchise Agreement"), whereby Sonesta granted SAI Ganesh a franchise license to operate the Hotel under its Knights Inn brand. *Id.* ¶ 11, Exhibit 1. The Franchise Agreement includes, among other things: (a) the Franchise Agreement; and (b) an Amendment to the Franchise Agreement (the "Franchise Agreement Amendment"). *Id.* ¶ 12, Exhibit 2. Pursuant to Section 3 of the Franchise Agreement Amendment, the Franchise Agreement was for an initial Term of five years. *Id.* ¶ 13, Exhibit 2.

2

As consideration for its use of the franchise license, SAI Ganesh agreed to pay, among other fees, a monthly brand fee to Plaintiff for the operation of the Franchise Hotel in accordance with Section 4(d) of the Franchise Agreement (the "Monthly Fees"). *Id.* ¶ 14, Exhibit 1. In addition, in the event of early termination of the Franchise Agreement: (a) Section 12(b) of the Franchise Agreement provides that SAI Ganesh must pay liquidated damages ("Termination Fee") to Sonesta in accordance with the formula specified in Section 12(b) of the Franchise Agreement; and (b) Section 13.D of the Franchise Agreement Amendment provides that Sonesta is entitled to recoup certain fees that it forewent in connection with said amendment (the "Recoupable Fees"). *Id.* ¶ 15, Exhibits 1 and 2.

On May 13, 2021, Kunal Patel and Parth Patel (together, the "Guarantors") executed a Guaranty and Assumption of Obligations (the "Guaranty") whereby each of the Guarantors: (i) personally and unconditionally guaranteed to Sonesta that SAI Ganesh would pay and perform each and every undertaking, agreement and covenant set forth in the Franchise Agreement, and (ii) agreed to be "bound by, and personally liable for the breach of, each and every provision in the [Franchise Agreement]." *Id.* ¶ 16, Exhibit 3.

In an email from Kunal Patel dated January 14, 2023, SAI Ganesh requested an early termination of the Franchise Agreement ("Early Termination Request") and Sonesta acknowledged SAI Ganesh's email requesting termination of the Franchise Agreement via a letter dated January 18, 2023. *Id.* ¶¶ 17 and 18.

By letter dated February 15, 2023 ("First Demand Letter"), Sonesta confirmed that the Franchise Agreement would terminate effective February 15, 2023 and made demand for the payment of outstanding fees. *Id.* ¶ 19, Exhibit 4. As set forth in the First Demand Letter, as of

3

February 15, 2023, SAI Ganesh owed Sonesta the following fees: (a) Monthly Fees totaling $44,969.04; (b) a Termination Fee arising from SAI Ganesh's early termination of the Franchise Agreement of $176,971.00; and (c) Recoupable Fees of $47,715.00. *Id.* ¶¶ 20, 21, and 22. Hereafter, references to the "Agreement" include the Franchise Agreement and the Franchise Agreement Amendment.

Thereafter, Defendants paid the Monthly Fees identified in the First Demand Letter. *Id.* ¶ 24, fn. 1. However, despite the First Demand Letter, Defendants failed to pay the Termination Fee and Recoupable Fee. *See id.* ¶ 23. Consequently, on December 18, 2023, Sonesta sent a second demand letter to SAI Ganesh ("Second Demand Letter") demanding payment of the Termination Fee and Recoupable Fee totaling $224,686.00. *Id.* ¶ 24, Exhibit 5. Despite the Second Demand Letter, Defendants failed to pay all amounts due and owing to Sonesta under the Agreement. *Id.* ¶ 25.

On May 21, 2024, Sonesta sent a third demand to Defendants ("Third Demand Letter") for all amounts due and owing to Sonesta under the Agreement and the Guaranty. *Id.* ¶ 26, Exhibit 6. Despite the Third Demand Letter, Defendants, including SAI Ganesh, failed to pay all amounts due and owing to Sonesta under the Agreement and the Guaranty. *Id.* ¶ 27.

Section 14(h) of the Franchise Agreement provides that the prevailing party in any legal action or other proceeding will recover from the non-prevailing party all fees, costs and expenses, including reasonable attorney fees. *Id.* ¶ 28, Exhibit 1.

As of the date the Complaint was filed, SAI Ganesh was liable to Sonesta for unpaid contractual obligations owed under the Agreement totaling $224,686.00, which amount is comprised of the unpaid Recoupable Fees of $47,715.00 and the Termination Fee of $176,971.00.

SAI Ganesh is also obligated to pay post-judgment interest at the federal rate and, pursuant to Section 14(h) of the Franchise Agreement, legal fees and costs incurred by Sonesta to collect amounts owed under the Agreement and Guaranty. *See id.* ¶ 29.

Sonesta has brought claims against SAI Ganesh for breach of the Franchise Agreement as amended. Sonesta has brought claims against both Guarantors for their breach of the Guaranty. This Motion is specifically directed toward Defendant SAI Ganesh, with respect to whom Sonesta seeks entry of default judgment in its favor for contractual damages in the amount of $224,686.00, together with post judgment interest at the federal rate, plus reasonable attorneys' fees and costs. Declaration of Jordan Langlois ("Langlois Declaration"), **Exhibit A**, ¶¶ 7 and 8.

Plaintiff has expended $1,050.00 in costs in this action. Declaration of Eric Yaffe (the "Yaffe Declaration"), **Exhibit B**, ¶ 3. Plaintiff's counsel has expended $31,772.00 in fees and $128.01 on expenses in this matter. *Id.* ¶ 2. Upon information and belief, Defendant SAI Ganesh is not a minor, incompetent person, or in the military service of the United States. *Id.* ¶ 5.

## ARGUMENT

### A. Default Judgment Standard

Pursuant to Fed. R. Civ. P. 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Under Rule 55, a default judgment may be entered with a hearing if "a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief and the defaulted party had fair notice of its opportunity to object." *In re The Home*

*Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (*quoting HMG Prop. Inv'rs, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988)).

### B. Default Judgment is appropriate and no hearing is necessary

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. *See* Compl., ECF No. 1, ¶¶ 2-4.  In addition, "[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." *The Home Restaurants, Inc.*, 285 F.3d at 114 (*quoting Franco v. Selective Inc. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999)).  And where default has been entered, a plaintiff's allegations "must be taken as true and each of [their] claims must be considered established as a matter of law." *Id.*

Here, SAI Ganesh has been given fair notice and opportunity to object to Sonesta's Complaint.  SAI Ganesh was personally served on September 13, 2024.  *See* Declaration of Eric Yaffe Regarding Service on Defendant SAI Ganesh LLC, ECF No. 16.  SAI Ganesh failed to answer or appear by the answer deadline of October 4, 2024.  SAI Ganesh was served with Sonesta's motion for clerk's entry of default [ECF No. 23] and the Court issued a Notice of Clerk's Entry of Default against Parth Patel on August 23, 2024 [ECF No. 10]. Nonetheless, SAI Ganesh has not appeared in this case.  Consequently, Plaintiff's claims against SAI Ganesh must be considered established as a matter of law, and SAI Ganesh has lost the opportunity to contest liability. *The Home Restaurants, Inc.*, 285 F.3d at 114.

### C. The Complaint alleges a specific, cognizable claim against SAI Ganesh for a sum certain

Where a default has been entered and the claim is for a sum certain or an amount that can be rendered certain by calculation, a court can enter default judgment for such amount. *KPS &*

*Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). "[I]f arriving at the judgment amount involves nothing more than arithmetic—the making of computations which may be figured from the record—a default judgment can be entered without a hearing of any kind." *HMG Prop. Inv'rs*, 847 F.2d at 919. In such a case, the factual allegations in the Complaint accompanied by an affidavit is sufficient. *See* Fed. R. Civ. P. 55(b)(1); *Pope v. United States*, 323 U.S. 1, 12 (1944).

In this case, Plaintiff seeks damages against SAI Ganesh for: (1) the readily calculable payments that it was contractually obligated to make to Sonesta under the Agreement; (2) costs and attorney's fees and expenses permitted under the Agreement and as reflected in the Yaffe Declaration; and (3) post-judgment interest at the federal rate.

The first measure of damages are SAI Ganesh's contractual obligations under the Agreement and is a fixed sum, as reflected in the Complaint and the Langlois Declaration, in the total amount of $224,686.00.

The second measure of damages is for reasonable attorneys' fees and costs. As set forth in Section 14(h) of the Franchise Agreement, the prevailing party in any legal action or other proceeding will recover reasonable costs and expenses incurred in connection with such legal proceeding, including attorneys' fees. As set forth in the Yaffe Declaration, Plaintiff has incurred $1,050.00 in costs in this action. Yaffe Declaration ¶ 3. Plaintiff has incurred reasonable attorneys' fees and expenses of $31,900.01. *Id.* ¶ 2. The third measure of damages is for post-judgment interest at the federal rate.

In sum, Plaintiff seeks a judgment of $257,636.01, which amount is comprised of: $224,686.00 in contract damages, $1,050.00 in costs, and $31,900.01 in attorneys' fees and expenses.

SAI Ganesh is a business entity and not a natural person and, as a matter of law, is not a minor, an incapacitated person, or a member of the military service.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Entry of Default Judgment and enter judgment against SAI Ganesh in the amount of $257,636.01 plus post-judgment interest at the federal rate.

Dated: November 15, 2024

Respectfully submitted,

LATHROP GPM LLP

s/ Eric L. Yaffe
Eric L. Yaffe (MBN: 548185)
600 New Hampshire Ave. NW
The Watergate, Suite 700
Washington, D.C. 20037
Telephone:  202.295.2222
Email:  eric.yaffe@lathropgpm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 15, 2024, I caused the foregoing Plaintiff's Memorandum in Support of Motion for Entry of Default Judgment Against SAI Ganesh to be served upon SAI Ganesh via email and regular mail, addressed as follows:

Parth Patel
44920 St. Andrews Church Road
California, Maryland 20619
Parth023@yahoo.com

Kunal Patel
6018 Tarawood Drive
Orlando, Florida 32836
Kunal14911@gmail.com

SAI Ganesh LLC
7475 W. Irlo Bronson Memorial Highway
Kissimmee, Florida 34747
Knightsinn192@gmail.com
Saiganeshlls7475@gmail.com
Kunal14911@gmail.com
Parth023@yahoo.com

                                                    s/ Eric L. Yaffe